UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

In re:

KEVEN A. MCKENNA, P.C.,
        Appellant,

v.                                                                                                          C.A. No. 10-472 ML

OFFICIAL COMMITTEE OF UNSECURED
CREDITORS,
        Appellee.

## MEMORANDUM AND ORDER

This matter is before the Court on the appeal of Keven A. McKenna, P.C., ("Appellant") a Chapter 11 debtor-in-possession, from an order entered by the bankruptcy court, sua sponte, appointing a Chapter 11 trustee. For the reasons set forth below, the appeal is denied and the order of the bankruptcy court is affirmed.

### Background

Appellant is a law firm wholly owned by attorney Keven A. McKenna. Appellant filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code on January 25, 2010. Appellant remained in possession and control of its assets and affairs and operated its business as a debtor in possession from January 2010 until November 2010.

On September 17, 2010, the Official Committee of Unsecured Creditors of Keven A. McKenna, P.C. ("Appellee") filed a motion, pursuant to 11 U.S.C. § 1112(b), seeking the conversion of Appellant's Chapter 11 reorganization case to a liquidation case under Chapter 7.

1

On October 26, 2010, the bankruptcy court held a hearing on the motion. At the conclusion of the hearing, the bankruptcy judge informed the parties that he would take the matter under advisement and would issue a decision at a later date. On November 18, 2010, the bankruptcy court issued a written order. The motion to convert was denied without prejudice but, based on the "<u>totality of the circumstances of [the] case</u>, notably the <u>recalcitrance</u> and the <u>conduct</u> of the equity stakeholder Keven A. McKenna," the bankruptcy court, "sua sponte and pursuant to 11 U.S.C. [s]ection 1104(a)(3)" appointed a Chapter 11 trustee. <u>In re McKenna, P.C.</u>, 10-bk-10256 (Bankr. D.R.I. 2010) (Docket # 196) (emphasis added).

## Jurisdiction and Standard of Review

"The district courts of the United States shall have jurisdiction to hear appeals" from the "final judgments, orders, and decrees" of a bankruptcy court. 28 U.S.C. § 158(a)(1). Both parties agree that the order appointing a Chapter 11 trustee is a final order. <u>See generally</u> <u>Ritchie Special Credit Investments, Ltd. v. United States Trustee</u>, 620 F.3d 847, 852 (8th Cir. 2010) (joining the majority of circuits that have considered the issue and concluding that the bankruptcy court's appointment of a trustee is a final order).[1] This Court therefore has jurisdiction over this appeal.

"On intermediate appeal to a district court, a final order of the bankruptcy court is subject to the same familiar standards of review normally employed in direct appeals to the courts of appeals in civil cases generally. The district court accepts all bankruptcy court findings of fact

---

[1] Although the First Circuit has not directly addressed the issue of whether an order of a bankruptcy court appointing a Chapter 11 trustee is a final order pursuant to 28 U.S.C. § 158, the First Circuit has held that the appointment of a Chapter 11 trustee by a district court is a final order. <u>In re Plaza de Diego Shopping Center, Inc.</u>, 911 F.2d 820 (1st Cir. 1990).

2

unless clearly erroneous, but reviews rulings of law de novo." In re LaRouche, 969 F.2d 1299, 1301 (1st Cir. 1992) (internal quotation marks and citation omitted).

Analysis

11 U.S.C. § 1112(b)(1) provides that "[e]xcept as provided in . . . section 1104(a)(3), on request of a party in interest, and after notice and a hearing . . . the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interest of creditors and the estate, if the movant establishes cause." 11 U.S.C. § 1112(b)(1) (emphasis added).[2] Section 1112(b)(4) includes a list of examples of "cause." Id. at (A)-(P). Courts have wide discretion in determining what constitutes cause. In re Products International Co., 395 B.R. 101 (Bankr. D. Ariz. 2008). "Although the language of section 1112(b) provides a list of possible circumstances for 'cause,' this is not an exhaustive list, and in fact the court is not limited to the enumerated grounds for making its determination of some cause." In re Gonic Realty Trust, 909 F.2d 624, 626 (1st Cir. 1990) (internal quotation marks and citation omitted); In re Products, 395 B.R. at 109 (list in § 1112(b)(4) is usually viewed as "illustrative rather than exhaustive, and the [c]ourt should consider other factors as they arise, and use its equitable powers to reach the appropriate result in individual cases") (internal quotation marks and citation omitted). Thus, in determining cause under § 1112(b), the

---

[2] As noted above, the hearing on the motion to convert was on October 26, 2010, and the bankruptcy court issued its decision on November 18, 2010. Appellant filed this appeal in November 2010 and the parties briefs were filed in March 2011. Sections 1112 and 1104 were amended on December 22, 2010. See Bankruptcy Technical Corrections Act of 2010, Pub. L. 111-327, 124 Stat. 3557 (Dec. 22, 2010). "As a self-described technical amendment, the [amendments] apply to cases pending and thereafter filed." In re Landmark Atlantic Hess Farm, LLC, No. 10-24656-DK, 2011 WL 831724 at *3 n.14 (Bankr. D. Md. March 3, 2011); In re TP, Inc., No. 10-01594-8-SWH, 2011 WL 1549453 (Bankr. E.D.N.C. April 21, 2011). This Court, however, applies the language of the statutory provisions pre-December 22, 2010, because (1) this is an appeal; (2) the hearing on the motion to convert and the bankruptcy court's decision occurred before the technical amendments; (3) the parties concentrate on the pre-amendment statutory provisions in their papers; and (4) the Court's decision is the same under either the pre or post-amendment version of the statutes.

bankruptcy court "may consider other factors as they arise and use its powers to reach appropriate results in individual cases." In re Gonic Realty Trust, 909 F.2d at 626. One ground, however, is sufficient, standing alone, to establish cause under the statute. In re Reagan, 403 B.R. 614 (B.A.P. 8th Cir. 2009), aff'd, 374 F. App'x 683 (8th Cir. 2010); 7 Alan N. Resnik, Collier on Bankruptcy § 1112.04[5] (16th ed. 2011) ("[i]f one of the enumerated examples of cause set forth in section 1112(b)(4) is proven by the movant by a preponderance of the evidence, the court must find that [the] movant has established cause").

Section 1112(b)(1) requires the bankruptcy court to engage in a three-step analysis: (1) the court must first determine if the movant has demonstrated that cause has been shown by a preponderance of the evidence; (2) if cause has been demonstrated, the court must ascertain whether unusual circumstances exist to prevent conversion or dismissal;[3] and (3) if no such unusual circumstances exist, the court must convert or dismiss. In re Modanlo, 413 B.R. 262 (Bankr. D. Md. 2009). "Thus, if cause has been demonstrated . . . the court must ascertain whether the best interest of creditors and the estate are served by granting or denying the motion." Id. at 271. Once cause is established, the bankruptcy court has broad discretion to determine whether conversion or dismissal is in the best interest of creditors and the estate. Gilroy v. Ameriquest Mortgage Co., BAP NH 07-054, BKR 06-10786-MWV, 2008 WL 4531982 (B.A.P. 1st Cir. 2008).

Section 1104(a)(3) provides that at

any time after the commencement of the case but before confirmation of plan, on

---

[3]The statutory scheme does not define "unusual circumstances," however the "phrase contemplates conditions that are not common in Chapter 11 cases." In re Products, 395 B.R. at 109. The record does not reflect any unusual circumstances in this case.

4

request of a party in interest or the United States trustee, and after notice and a hearing, the court shall order the appointment of a trustee . . . <u>if grounds exist to convert or dismiss the case under section 1112, but the court determines that the appointment of a trustee or an examiner is in the best interests of creditors and the estate</u>.

11 U.S.C. § 1104(a)(3) (emphasis added). When read together, §§ 1112(b)(1) and 1104(a)(3) require a court to consider three alternatives. In re Products, 395 B.R. at 108. "If cause has been shown by the moving party, the [c]ourt must consider whether to dismiss the case, convert the case to one under Chapter 7, or appoint a Chapter 11 trustee, whichever results in the best interest of creditors." Id.; see also In re LG Motors, Inc., 422 B.R. 110 (Bankr. N.D. Ill. 2009) (§ 1104(a)(3) gives the court discretion to appoint a trustee instead of converting or dismissing the case if the court determines the appointment is in the best interest of the creditors and the estate); 7 Collier on Bankruptcy § 1112.04[7] (once cause has been shown, instead of either conversion or dismissal, a court may appoint a trustee if such appointment is in the best interest of the creditors and the estate); see also In re Keith, No. 10-61722-11, 2010 WL 3835003 at *6 (Bankr. D. Mont. Sept. 29, 2010) (when § 1104(a)(3) and § 1112(b) are read together "it seems clear that the court <u>must</u> appoint a Chapter 11 trustee rather than convert or dismiss the case if section 1104(a)(3) applies") (internal quotation marks and citation omitted) (emphasis in original)). The court determines which approach is appropriate based upon the record. In re Products, 395 B.R. 101.

Appellant argues that the bankruptcy court erred when it appointed a Chapter 11 trustee (1) without a motion by an interested party or by the United States Trustee; (2) without notice and a hearing; and (3) without making fact findings supporting a cause determination or a determination that appointing a trustee was in the best interest of the creditors of the estate.

5

Appellee contends that (1) the bankruptcy court acted in accord with the bankruptcy code; (2) Appellant received adequate notice and hearing; and (3) the bankruptcy court had adequate grounds to find cause under § 1112(b) and that the appointment of the trustee was in the best interest of all creditors pursuant to § 1104(a)(3).

The Court begins with Appellant's argument that the bankruptcy court's order is flawed because there was no motion by an interested party or the United States Trustee to appoint a Chapter 11 trustee. Section 1104(a)(3) provides that "on request of a party in interest or the United States trustee" the bankruptcy court may appoint a Chapter 11 trustee. 11 U.S.C. § 1104(a)(3). Although there was no motion before the bankruptcy court to appoint a *Chapter 11* trustee, the absence of such a motion does not render the bankruptcy court's order infirm.

> No provision of [the bankruptcy code] providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

11 U.S.C. § 105(a). "The provision entitling a United States trustee or party to make . . . a request [to appoint a Chapter 11 trustee pursuant to 1104(a)] does not preclude the court from doing so sua sponte. . . ." In re Bibo, Inc., 76 F.3d 256, 258 (9th Cir. 1996) (acknowledging the court's sua sponte power pursuant to 11 U.S.C. § 105(a)); see also In re ROPT Ltd. Partnership, 209 B.R.144, 149 (B.A.P. 1st Cir. 1997) (citing In re Bibo for the proposition that "notwithstanding § 1104(a)'s language limiting appointment of a trustee in Chapter 11 case . . . [a] bankruptcy court [is] permitted pursuant to § 105 to sua sponte appoint trustee"); see generally In re Pedro Abich, Inc., 165 B.R. 5, 8 (D.P.R. 1994) (§ 105 "overrides" the party in interest and trustee language in § 1112(b) and allows court to act on its own initiative). The

bankruptcy court was authorized to sua sponte appoint a Chapter 11 trustee.[4]

Appellant next argues that it was not granted notice of, or a hearing on, the appointment of a trustee. Both 11 U.S.C. § 1112(b) and § 1104(a)(3) include the language "after notice and a hearing." See id. The phrase "after notice and a hearing" is defined in the bankruptcy code as "notice as is appropriate in the particular circumstances, and such opportunity for a hearing as is appropriate in the particular circumstances. . . ." 11 U.S.C. § 102 (1)(A). It is undisputed that Appellant received notice of and a hearing on the motion to convert. Thus, the prospect of the appointment of a trustee was not wholly unknown to Appellant. In its memorandum of law in support of the motion to convert, Appellee requested that the bankruptcy court convert the matter to a Chapter 7 proceeding and "order the immediate appointment of a Chapter 7 trustee." Memorandum of Law in Support of Motion to Convert at 9, In re McKenna, P.C., 10-bk-10256 (Bankr. D.R.I. 2010) (Docket # 156-1). Section 1112(b) also warns of the possibility of the appointment of a Chapter 11 trustee by its specific reference to § 1104(a)(3). Additionally, had the bankruptcy judge determined that the matter should be converted to a Chapter 7 proceeding, a trustee would have been appointed to administer the estate.

> Promptly after the order for relief under [Chapter 7], the United States trustee shall appoint one disinterested person that is a member of the panel of private trustees . . . or that is serving as trustee in the case immediately before the order for relief under this Chapter to serve as interim trustee in the case."

11 U.S.C. § 701(a)(1) (emphasis added). Conversion of a Chapter 11 case to a Chapter 7 case

---

[4] Appellant argues that Cournoyer v. Town of Lincoln, 790 F.2d 971, 972 n.1 (1st Cir. 1986), stands for the proposition that in "a Chapter 11 case, a trustee can only be appointed upon the request of a party in interest or the United States Trustee." Id. What Appellant fails to comprehend, however, is that Cournoyer was decided several months before the 1986 amendments to the bankruptcy code which, among other things, added the sua sponte provision in § 105. See In re Starmark Clinics, LP, 388 B.R. 729 (Bankr. S.D. Texas 2008); see also 11 U.S.C. § 105; Pub. L. No. 99-554, 100 Stat. 3088.

"constitutes an order for relief under the chapter to which the case is converted . . . ." 11 U.S.C. § 348(a); see also Ohio v. Kovacs, 469 U.S. 274, 285 n.12 (1985) (trustee is "appointed promptly in Chapter 7 cases"); In re C.W. Mining Co., 636 F.3d 1257, 1261 (B.A.P. 10th Cir. 2011) ("interim trustee is appointed 'promptly' after a Chapter 7 order for relief is granted . . . and eventually, a permanent trustee . . . is installed for the duration of the bankruptcy"); see generally In re El Legado De Chi Chi Rodriguez Golf, No. 08-08321 BKT, 2010 WL 1924439 at *2 (Bankr. D.P.R. May 12, 2010) (Chapter 7 and Chapter 11 trustee have "similar powers and duties"). In essence, Appellee moved for the appointment of a trustee by moving to convert. This Court concludes that Appellant received the appropriate notice of, and a hearing on, the prospect of the appointment of a trustee under the circumstances.

Last, Appellant contends that the bankruptcy court erred by not making fact findings to support a "cause" determination under § 1112(b) or a determination that appointing a Chapter 11 trustee was in the best interest of the creditors. Appellant argues that the record did not reflect clear and convincing evidence that a Chapter 11 trustee was necessary under the circumstances.

The preponderance standard applies to a cause determination pursuant to § 1112(b). In re Woodbrook Associates, 19 F.3d 312 (7th Cir. 1994); In re El Legado, 2010 WL 1924439; In re Babayoff, 445 B.R. 64 (Bankr. E.D.N.Y. 2011); In re Westgate Properties, Ltd., 432 B.R. 720, 723 (Bankr. N.D. Ohio 2010) ("where action under § 1112 is brought, movant bears burden of proving by preponderance of evidence that cause exists"). On the other hand, it appears that the clear and convincing standard applies to the appointment of a trustee pursuant to § 1104. In re G-I Holdings, Inc., 385 F.3d 313 (3d Cir. 2004); In re Berwick Black Cattle Co., 405 B.R. 907 (Bankr. C.D. Ill. 2009) (party seeking appointment has burden of proof and it "appears that the

8

majority applies a clear and convincing standard . . . while the minority uses a preponderance of the evidence standard") (citations omitted).[5] "[C]ourts in the First Circuit have not directly determined what evidentiary standard to apply when determining" the burden under § 1104. Tradex Corp. v. Morse, 339 B.R. 823, 827, 830 (D. Mass. 2006) (concluding that a court "need find the factual predicates – 'cause' or the best interest of the relevant parties – by only a preponderance of the evidence. Clear and convincing evidence is not required."). The Court need not decide which standard applies because, in this case, the facts adduced at the hearing were largely uncontested and they would support a finding under either standard.

In his order, the bankruptcy judge summarized his findings supporting the appointment of a Chapter 11 trustee as follows: "based upon the <u>totality of the circumstances</u> of this case, notably the <u>recalcitrance</u> and the <u>conduct</u> of the equity stakeholder Keven A. McKenna. . . ." In re McKenna, P.C., 10-bk-10256 (Docket # 196-1) (emphasis added). At the hearing on the motion to convert, Appellant readily admitted that Appellant had "continually, albeit late, supplied the Court with . . . documents" and that "there [had] been <u>failures to comply with prior orders of the [c]ourt</u> . . . ." October 26, 2010, Hearing Transcript at 72, 110 (emphasis added).[6] In fact, the bankruptcy judge observed:

> [W]hat's wrong with following the rules and filing a motion for an extension of time? I know you run out of those at some point. But instead of just using up your goodwill with everybody <u>by blowing off . . . these deadlines</u>, it gets to be kind of an uncomfortable bed to sleep in, <u>but the Debtor made the bed</u>. And that,

---

[5]The Court acknowledges that the appointment of a Chapter 11 trustee has been described as an "extraordinary" act. Tradex Corp. v. Morse, 339 B.R. 823, 828 (D. Mass. 2006).

[6]The bankruptcy court sanctioned Appellant for its failure to comply with deadlines in a scheduling order. In re McKenna, P.C., 10-10256 (Docket ## 154, 180). The court, however, deferred assigning a dollar amount to the sanctions until a later date. See id.

you know, that – let's face it. That's one of the main reasons we're here today is just <u>recalcitrance</u> . . . .

Id. at 112 (emphasis added). Counsel for Appellant admitted that he had not petitioned the bankruptcy court for an extension of any deadline "because [he was] trying to get the documents together and filed." Id. at 56. He further explained that some of the reasons for not getting documents to the bankruptcy court on a timely basis was a result of miscommunication between he and Mr. McKenna, counsel's time spent on related matters in Rhode Island Superior Court, and because counsel had been "trying to get things done more accurately than we have in terms of timeliness." Id. at 115. Counsel for Appellant explained to the bankruptcy court that it "seem[ed] with every day there's . . . a new fire to put out." Id. at 64. The bankruptcy court aptly found, however, that the "problem is the need to stop . . . obstructionism [and] foot-dragging," id. at 74, to which counsel for Appellant replied, "that's . . . a fair comment, Judge." Id. at 75. The record clearly supports a finding of "cause" under § 1112(b). See 11 U.S.C. § 1112(b)(4)(E) (cause includes "failure to comply with an order of the court").[7] As a result, the Court need go no further. See In re Reagan, 403 B.R. 614 (one ground, standing alone, is sufficient to show cause).

In addition to Appellant's cavalier attitude towards court orders, the record also reflects that Appellant, as debtor in possession, repeatedly overdrew its bank accounts. At the hearing on the motion to convert, Mr. McKenna did not dispute that he bounced approximately two dozen checks and incurred bank fees of approximately $1,300. Mr. McKenna testified that the checks

---

[7]It appears that Appellant argues that 11 U.S.C. § 1112(b)(2) applies and excuses the cause shown. The Court finds that § 1112(b)(2) does not apply because, among other reasons, the record does not reflect that there "exists a reasonable justification" for Appellant's violations of court orders. See 11 U.S.C. § 1112(b)(2)(B)(i).

10

bounced because (1) he represents "low income" individuals and he receives "a lot of bounced checks," (2) he made the "mistake" of using "excessive accounts," (3) he was using a new banking "system" and was not "aware of . . . new rules" that charged him fees for a bounced check and, (4) he was using an inefficient payroll processing company. Id. at 93-94.

Mr. McKenna's admissions concerning the bounced checks, at best, demonstrate a lack of good financial management. "[B]ouncing checks is gross mismanagement." In re Plaza de Retiro, Inc., 417 B.R. 632, 643 (Bankr. D.N.M. 2009) (debtor bounced 9 checks in one month and 21 in the following month incurring over $1,000 in "unnecessary bank charges"). Mr. McKenna's conduct in bouncing numerous checks and incurring unnecessary bank fees shows gross mismanagement and constitutes cause under § 1112(b). See 11 U.S.C. § 1112(b)(4)(B) (cause includes "gross mismanagement of the estate").

Furthermore, on August 12, 2010, the bankruptcy court found that Appellant's disclosure statement, filed on July 2, 2010, was inadequate. The bankruptcy court ordered Appellant to file an amended disclosure statement no later than September 13, 2010. In re McKenna, P.C., 10-bk-10256 (Docket # 136). On September 21, 2010, some 8 days after the deadline and four days after the motion to convert was filed, Appellant filed its first amended disclosure statement. Id. (Docket # 158). At the hearing on the motion to convert, however, Appellee objected to the amended disclosure statement. Notably, Appellant did not contest Appellee's objection to the adequacy of the statement. Appellant's counsel admitted that it was not "overly complicated to put [a disclosure statement] together" and at times he needed to "drone [sic] out [his] client . . . ." October 26, 2010, Hearing Transcript at 106. The bankruptcy court found that Appellant had not "come close to submitting a . . . an adequate disclosure statement, and, you know, it's been a

11

while and it's been contentious. . . ." Id. at 105. Consequently, some ten months after filing the petition, an accurate disclosure statement had still not been filed.

"The [d]isclosure [s]tatement is an integral component to any petition for the protections afforded pursuant to the Bankruptcy Code. Timely and accurate financial disclosures is the life blood of the Chapter 11 process." In re Integrated Pet Foods, Inc., No. 03-33362-DWS, 2004 WL 2252119 at *6 (Bankr. E.D. Pa. Sept. 17, 2004) (internal quotation marks and citation omitted); see also In re Daniels, No. 92-13051-JNF, Adv. No. 93-1332, 1994 WL 470213 (Bankr. D. Mass. April 25, 1994) (after 15 months in reorganization case, inadequacy of disclosure statement, among other factors, supported conversion). Appellant's failure to file a disclosure statement within the time set by the Court also constitutes cause under § 1112(b). See 11 U.S.C. § 1112(b)(4)(J) (cause includes "failure to file a disclosure statement . . . within the time fixed by . . . order of the court").

As noted above, § 1104(a)(3) also provides, in part, that the appointment of a Chapter 11 trustee must be in the "best interest of creditors and the estate." 11 U.S.C. § 1104(a)(3); see also In re Sydnor, 431 B.R. 584, 600 (Bankr. D. Md. 2010) ("[s]ection 1112 and [s]ection 1104 read together require the court to make a finding as to what remedy is in the best interest of the creditors and the estate"). Unfortunately, the bankruptcy code does not define the phrase "best interests of creditors and the estate." In re Vaughn, 429 B.R. 14 (Bankr. D.N.M. 2010). Implicit in the bankruptcy court's order, however, was a finding that the appointment of a trustee was in the best interest of the creditors and the estate. The appointment of a Chapter 11 trustee will "alleviate concerns about future instances" of Mr. McKenna's recalcitrance, contentiousness, foot dragging, and "gross mismanagement." See In re TP, Inc., No. 10-01594-8-SWH, 2011 WL

12

1549453 at *4 (Bankr. E.D.N.C. 2011); see also In re Taub, 427 B.R. 208, 214 (Bankr. E.D.N.Y. 2010), aff'd, Nos. 10 CV 5717 (RJD), 08 BK 44210 (ESS), 2011 WL 1322390 (E.D.N.Y. March 31, 2011) (appointment of Chapter 11 trustee was in the best interest of creditors and the estate where case had been marked from the outset by "acrimony, contentiousness," and "distrust" causing progression toward reorganization to halt); In re United States Mineral Products Co., 105 F. App'x 428, 430 (3d Cir. 2004) (bankruptcy court did not abuse discretion by sua sponte appointing trustee based upon, among other things, "the contentiousness and acrimonious nature of the relationship among the parties, the lack of trust, [and] the lack of progress. . . .").

For the reasons discussed above, Appellant's appeal is denied and the order of the bankruptcy court is affirmed.

SO ORDERED.

/s/ Mary M. Lisi
Mary M. Lisi
Chief United States District Judge
May 31, 2011.